PATRICK R. DUGAN, APPELLEE, V. HOLLY JENSEN, DIRECTOR OF THE DEPARTMENT OF MOTOR VEHICLES, STATE OF NEBRASKA, APPELLANT.
428 N.W.2d 504

Filed September 2, 1988.   No. 86-931.

Robert M. Spire, Attorney General, and Michele M. Frost for appellant.

James Walter Crampton for appellee.

HASTINGS, C.J., WHITE, SHANAHAN, and FAHRNBRUCH, JJ., and WARREN, D.J.

WHITE, J.

On March 21, 1986, the Nebraska Department of Motor Vehicles revoked Patrick R. Dugan's Nebraska motor vehicle operator's license for a period of 6 months because he had accumulated 12 traffic conviction points within a 2-year period. See Neb. Rev. Stat. § 39-669.27 (Reissue 1984). The revocation was based upon four Nebraska traffic convictions, a Kansas conviction, and an Iowa conviction.

Dugan appealed the department's order to the district court, alleging that the department's reliance on the Kansas and Iowa convictions was in violation of proper procedure. The district court ruled that these convictions had not been authenticated and therefore should not have been received into evidence. The court vacated and set aside the department's order and reinstated the plaintiff's operator's license.

In this appeal, the department contends that the convictions were in fact authenticated under Nebraska law and that the court erred in vacating the department's revocation of plaintiff's license. Although other issues are presented, we only pass on the issue of whether the reports were properly authenticated.

The trial court found that neither the Kansas nor the Iowa record of conviction was admissible, because neither was authenticated. It apparently based its conclusion on the language of *Johnston v. Department of Motor Vehicles*, 190 Neb. 606, 609, 212 N.W.2d 342, 344 (1973): "Accordingly, we hold that for a report of an out-of-state conviction to be effective in Nebraska, under the provisions of the Driver License Compact, it must be authenticated in due form for admission in evidence in the courts of this state." It would seem that the *Johnston* court based its holding on the then existing Neb. Rev. Stat. § 25-1286 (Reissue 1964), which required the attestation of the clerk, the seal of the court, and the certificate of the presiding judge that the attestation was in due form.

However, § 25-1286 was replaced by implication by the Nebraska Evidence Rules, Neb. Rev. Stat. §§ 27-101 et seq. (Reissue 1985). See *State v. Munn*, 212 Neb. 265, 322 N.W.2d 429 (1982).

Section 27-902 does not require authentication of a document bearing a seal and a signature purporting to be an

attestation, a document purporting to bear the signature in his official capacity of an officer who has no seal if a public officer having a seal certifies under seal that the previous officer signing has the official capacity to sign, or a copy of an official record certified as correct by the custodian by certificate complying with either of the previous two subdivisions. Therefore, it would seem that what is necessary is that a seal of the court appear on the document sought to be introduced in evidence. In this case, the record of conviction from Kansas did contain the seal of the court; the one from Iowa did not. Based on those facts, the Iowa document was inadmissible, and the trial court correctly found that the order of revocation issued by the department, which was based on that document, should be vacated and set aside. It is unnecessary to consider the admissibility of the Kansas conviction, and therefore we do not do so. The district court's decision is therefore affirmed.

AFFIRMED.