STATE OF NEBRASKA, APPELLEE, V.
WILLIAM D. MILLER, APPELLANT.
651 N.W.2d 594

Filed September 17, 2002.   No. A-01-1283.

W. Randall Paragas, of Paragas Law Offices, for appellant.

Don Stenberg, Attorney General, and Mark D. Raffety for appellee.

SIEVERS, CARLSON, and MOORE, Judges.

Moore, Judge.

## INTRODUCTION

William D. Miller appeals from a district court order that affirmed his conviction for driving under the influence of alcohol (DUI), third offense. On appeal, Miller alleges that the trial court erred in finding that a prior DUI conviction in Iowa was a valid conviction for the purpose of enhancement under Neb. Rev. Stat. § 60-6,196 (Cum. Supp. 2000). For the reasons set forth herein, we affirm the judgment of the district court.

## STATEMENT OF FACTS

On October 13, 2000, Miller was charged in the county court for Sarpy County, Nebraska, with DUI, third offense, and speeding. Miller was subsequently arraigned and pled guilty to the underlying charge of DUI, and the speeding violation was dismissed. An enhancement proceeding was held on June 1, 2001, whereby the State introduced evidence of two prior convictions for DUI. Exhibit 1 consisted of numerous copies of documents in connection with a prior DUI conviction in 1993 from Polk County, Iowa, and exhibit 2 was a copy of the record of a prior DUI conviction in Otoe County, Nebraska, in 1995. The county court found Miller guilty of DUI, third offense; sentenced him to 90 days in jail; imposed a $600 fine; and revoked Miller's driving privileges for 15 years. Miller appealed to the district court for Sarpy County and alleged that (1) the trial court erred in finding that his DUI conviction was a third offense, (2) the trial court erred in finding that the evidence of the Iowa conviction was valid for enhancement purposes, (3) the trial court erred in imposing a sentence consistent with a third-offense DUI conviction, and (4) there was insufficient evidence of a prior conviction in connection with the Iowa conviction. The district court affirmed the decision of the county court. This appeal timely followed.

## ASSIGNMENTS OF ERROR

On appeal, Miller asserts that (1) the district court erred in affirming the trial court's finding that the evidence of the Iowa conviction was valid for enhancement purposes under § 60-6,196 and (2) the sentence imposed was excessive.

## STANDARD OF REVIEW

■ Upon appeal from a county court in a criminal case, a district court acts as an intermediate appellate court, rather than as a trial court, and its review is limited to an examination of the county court record for error or abuse of discretion. Both a district court and a higher appellate court generally review appeals from a county court for error appearing on the record. *State v. Cardona,* 10 Neb. App. 815, 639 N.W.2d 653 (2002).

■ Interpretation of a statute presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *State v. Mather,* 264 Neb. 182, 646 N.W.2d 605 (2002).

■ Sentences within statutory limits will be disturbed by an appellate court only if the sentence complained of was an abuse of judicial discretion. *State v. Timmens,* 263 Neb. 622, 641 N.W.2d 383 (2002). An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *Id.*

## ANALYSIS

*Prior Out-of-State Conviction.*

Miller asserts that the evidence of his prior DUI conviction in Iowa was not valid for the purpose of enhancement under § 60-6,196. At the outset, it should be noted that the 2000 amendment to the enhancement provision under § 60-6,196 added convictions from other states as evidence of prior convictions.

Section 60-6,196(2)(c) now provides that a person is guilty of a Class W misdemeanor

> [i]f such person has had two convictions in the twelve years prior to the date of the current conviction (i) under this section, (ii) under a city or village ordinance enacted pursuant to this section, (iii) *under a law of another state, if at the time of the conviction under the law of such other state, the offense for which such person was convicted would have been a violation under this section . . . .*

(Emphasis supplied.)

Further, § 60-6,196(3) provides:

> For each conviction under this section, the court shall as part of the judgment of conviction make a finding on the record as to the number of the defendant's prior convictions in the twelve years prior to the date of the current conviction (a) under this section, (b) under a city or village ordinance enacted pursuant to this section, or (c) *under a law of another state, if at the time of the conviction under the law of such other state, the offense for which the defendant was convicted would have been a violation under this section.* In any case charging a violation under this section, the prosecutor or investigating agency shall use due diligence to obtain the defendant's driving record from the Department of Motor Vehicles and the defendant's driving record from other states where he or she is known to have resided within the last twelve years. The prosecutor shall certify to the court, prior to sentencing, that such action has been taken. *The prosecutor shall present as evidence for purposes of sentence enhancement under this section an authenticated copy of a prior conviction in another state. The authenticated copy shall be prima facie evidence of such prior conviction. The defendant shall be given the opportunity to review the record of his or her prior convictions, bring mitigating facts to the attention of the court prior to sentencing, and make objections on the record regarding the validity of such prior convictions.*

(Emphasis supplied.)

By its plain language, § 60-6,196(3) states that in order to present prima facie evidence of a prior out-of-state conviction for enhancement purposes, the prosecutor is required to present an "authenticated" copy of the conviction. Thus, we must first determine whether the evidence of the Iowa conviction received by the court was properly authenticated.

Requirements of "authentication" are governed by Neb. Rev. Stat. § 27-901 (Reissue 1995). A document is authenticated when evidence is presented that is "sufficient to support a finding that the matter in question is what its proponent claims." *Id.* Accord *State v. Miles*, 8 Neb. App. 844, 602 N.W.2d 666 (1999).

Under § 27-901, authentication can be accomplished in various ways, including by "[e]vidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept."

Although not directly on point for the case at hand, the Nebraska Supreme Court held in *Dugan v. Jensen*, 229 Neb. 672, 428 N.W.2d 504 (1988), that prior out-of-state traffic convictions were admissible in a proceeding to revoke a motorist's operator's license if they were authenticated in that the seal of the court appeared on the document sought to be introduced into evidence. In *Dugan*, the defendant's motor vehicle license was revoked based on prior convictions in Nebraska, Kansas, and Iowa. On appeal to the district court, the defendant argued that the Department of Motor Vehicles' reliance on the out-of-state convictions was in violation of proper procedure. The district court ruled that the out-of-state convictions had not been authenticated and should not have been received into evidence. With the Kansas conviction bearing the seal of the court, and the Iowa conviction not, the Supreme Court found that that Iowa document was inadmissible and affirmed the decision of the district court.

A review of the legislative history of the amendments allowing use of prior convictions in other states is also helpful in analyzing the proof necessary for enhancement purposes. This history reveals that if a prior conviction comes from within the state, a "certified" copy of the prior conviction from the keeper of the records, namely the clerk of the court, is sufficient proof for enhancement purposes, and that if a prior out-of-state conviction is used, the prosecution must offer an "authenticated" copy of the conviction, which requires the signature of both the keeper of the records, e.g., the clerk of the court, and the judge. Floor Debate, L.B. 1004, Committee on Transportation and Telecommunications, 96th Leg., 2d Sess. 12857 (Apr. 6, 2000) (statement of Speaker Kristensen). The legislative intent of this amendment concerning prior out-of-state convictions was summarized as follows:

> [I]f we're going to use out-of-state convictions, they merely need to be authenticated copies. . . . The other part

is that the authenticated copy is prima facie evidence. That doesn't mean that it is 100 percent valid, that means that it will admit itself and will establish the prior conviction, unless there is other credible evidence to dispute that.

*Id.*

In the instant case, the State offered into evidence exhibit 1, which was received by the court without any "foundational objection" by Miller, to support Miller's prior Iowa DUI conviction. A review of the record indicates that exhibit 1 consists of 10 pages with the first page reflecting the seal of the court (three times) and the signatures of the clerk of the district court situated in Polk County, Iowa, and the judge of the Fifth Judicial District of Iowa. Therefore, we conclude that exhibit 1, containing evidence of the Iowa conviction, was properly authenticated and admissible.

Miller argues that the language of § 60-6,196(2)(c) requires that a comparison be made between "the law of such other state" and the law of this state. Brief for appellant at 5. Miller argues that the State failed to offer evidence of the law of Iowa that would have determined whether at the time of the Iowa conviction, the offense would have been a violation under § 60-6,196, and that therefore, the evidence of the prior Iowa conviction was invalid. A review of the legislative history regarding this provision of the statute is also helpful, with the following comment being made during the floor debate on the amendment of § 60-6,196:

[W]e must show the law of the foreign jurisdiction, if it doesn't show right on the face of the conviction, the nature of the law in the foreign jurisdiction as to the percentage of blood alcohol. . . . [W]e cannot have a conviction enhancement if the violation was of a penalty greater than what Nebraska has. And so there would still be the necessity, not just of the record of the conviction, but also a record of what the law in that particular jurisdiction was at the time of the conviction.

Floor Debate, *supra* at 12859 (statement of Senator Pederson).

The record indicates that in addition to the first page of exhibit 1's bearing the seal of the court and the signatures of the clerk and judge, pages three and four identify the specific Iowa

statute that Miller was charged with violating and reflect the following language:

Comes now John P. Sarcone, as County Attorney of Polk County, Iowa, and in the name and by the authority of the State of Iowa, accuses WILLIAM DOUGLAS MILLER of the crime of OPERATING WHILE UNDER THE INFLUENCE OF ALCOHOL OR A DRUG as defined in Section 321J.2 Code of Iowa.

And charges that the above named defendant on or about MARCH 19, 1993 in the County of Polk and State of Iowa did operate a motor vehicle while under the influence of an alcoholic beverage or other drug, or a combination of such substances, or while having ten hundredths (.10) or more alcohol concentration.

In comparison, § 60-6,196, the law in effect at the time of Miller's conviction in the case at hand, provided in pertinent part:

(1) It shall be unlawful for any person to operate or be in the actual physical control of any motor vehicle:

(a) While under the influence of alcoholic liquor or of any drug;

(b) When such person has a concentration of ten-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his or her blood; or

(c) When such person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his or her breath.

Based upon a review of exhibit 1, the authenticated copy of the prior Iowa DUI conviction, sufficient evidence was presented that the law which Miller was charged under and pled guilty to was similar to the applicable law in Nebraska at the time. That exhibit thus served as prima facie evidence of the conviction for the purpose of sentence enhancement. In addition, there is no evidence in the record that Miller was not given the opportunity to review the prior Iowa DUI conviction or bring any mitigating facts to the attention of the court prior to sentencing. The record further indicates that Miller made no objection to the evidence being offered or regarding the validity of the prior Iowa conviction.

Therefore, based on the foregoing, we do not find that the trial court abused its discretion in finding that the prior out-of-state

DUI conviction was valid and could be used for enhancement purposes.

*Excessive Sentence.*

Miller was sentenced to 90 days in jail, was ordered to pay a $600 fine, and had his driving privileges revoked for 15 years. The penalty for third-offense DUI, a Class W misdemeanor, is a maximum of 1 year's imprisonment and a $600 fine, with a mandatory minimum of 90 days' imprisonment and a $600 fine. In addition, § 60-6,196(2)(c) requires that as part of the judgment of conviction, the court shall order the defendant not to drive any motor vehicle in the State of Nebraska for any purpose for a period of 15 years from the date ordered by the court and shall order that the operator's license of the defendant be revoked for a like period.

In imposing a sentence, a judge should consider the defendant's age, mentality, education, experience, and social and cultural background, as well as his or her past criminal record or law-abiding conduct, motivation for the offense, nature of the offense, and the amount of violence involved in the commission of the crime. *State v. Timmens*, 263 Neb. 622, 641 N.W.2d 383 (2002). Where a sentence imposed within statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying these factors as well as any applicable legal principles in determining the sentence to be imposed. As stated above, an abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *State v. Roeder*, 262 Neb. 951, 636 N.W.2d 870 (2001).

Miller's sentence was within the statutory limits. Having reviewed the record, including the presentence investigation report, we conclude that the trial court did not abuse its discretion in the sentence imposed.

## CONCLUSION

Finding no merit to the assigned errors, we affirm.

AFFIRMED.