GERALD D. JOHNSTON, APPELLANT, V. DEPARTMENT OF MOTOR VEHICLES, JOHN W. KISSACK, DIRECTOR, AND STATE OF NEBRASKA, APPELLEES.

212 N. W. 2d 342

Filed October 12, 1973. No. 38800.

Robert C. Vondrasek, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Plaintiff appeals from the dismissal of his petition to set aside an order of suspension of his motor vehicle operator's license. We reverse.

Plaintiff, a resident of Sarpy county, received the order of suspension, dated July 20, 1972, from the Nebraska Department of Motor Vehicles. The order indicated the action was taken pursuant to the Driver License Compact, Appendix (T), Vol. 2A, R. R. S. 1943, on plaintiff's conviction in the municipal court of Purcell, Oklahoma, on May 4, 1972, of driving while intoxicated. Plaintiff was directed to surrender his operator's license immediately, and was informed that he would be required to furnish proof of financial responsibility to the department until May 4, 1975. Plaintiff filed this action in the District Court for Lancaster county to restrain the defendants from pursuing this course of action, requesting that the order of suspension be set aside, and the court stay enforcement of suspension pending a final determination of the matter.

The Department of Motor Vehicles acted on the strength of three documents in issuing the order. These are certified by the office supervisor of the Department of Motor Vehicles of the State of Nebraska as true and exact copies of the originals on file with the department. The first document is a photostatic copy of an Oklahoma Uniform Violations Complaint of the Purcell Police Department. This document, dated May 4, 1972, indicates that plaintiff was charged with "operating motor veh. under influence." It is signed by "Nelson," patrolman. Plaintiff's signature does not appear on the ticket on the line provided therefor. On the reverse side of the ticket the following appears: "Date 5/4/72 * * * Finding by Court Guilty * * * Fined $20.00 * * * Signature of Judge or Clerk W. L. Little (signed)." The second document is a copy of an order of revocation or suspension of the State of Oklahoma Department of Public Safety, addressed to the plaintiff. It is dated June 23, 1972, and notifies him that his privilege to operate a motor vehicle in the State of Oklahoma is suspended. It recites the reason as "conviction of driving while intoxicated on May 4, 1972, in the Municipal Court

of McClain County." The document purports to bear the stamped signature of the Commissioner of Public Safety. The third document is a receipt for $40, dated "5/4/72," showing that amount received from Gerald D. Johnston for "fine," signed by W. L. Little. None of this documentary evidence is authenticated in any manner by the Oklahoma authorities.

Plaintiff testified these documents were in error. He stated he was arrested in Purcell, Oklahoma, on the evening of May 4, 1972, for making an illegal U-turn. The arresting officer informed him that he would be incarcerated until the next morning, at which time he would have to appear before the judge and pay a fine. He spent the night in jail. The next morning he appeared before the judge, was informed he was charged with making an illegal U-turn, and pled guilty to the charge. He paid a fine of $40 and received a receipt for that amount, signed by W. L. Little. He then returned to Nebraska and gave the matter no further consideration until he received the order of suspension from the Nebraska Department of Motor Vehicles.

Plaintiff denied pleading guilty to any charge involving alcoholic liquor, and denied receiving the order of revocation or suspension from the Oklahoma Department of Public Safety. The discrepancy between a $20 fine assessed on the traffic ticket and the receipt showing $40 collected from the plaintiff is not explained. It would be unusual for an individual to be incarcerated overnight for making an illegal U-turn. However, plaintiff's evidence was not contradicted except by the documentary evidence referred to above. In passing, we observe the licensee cannot relitigate the question of his guilt in Nebraska. Here he raises only the question that the documents are erroneous.

Article II of the Driver License Compact provides as follows: "The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing

authority of the home state of the licensee. Such report shall clearly identify the person convicted; describe the violation specifying the section of the statute, code, or ordinance violated; identify the court in which action was taken; indicate whether a plea of guilty or not guilty was entered, or the conviction was a result of the forfeiture of bail, bond or other security; and shall include any special findings made in connection therewith."

The documents submitted do not meet the criteria required. There are: (1) No specifications of the section of the statute, code, or ordinance which plaintiff allegedly violated; and (2) no indication of the plea which plaintiff presumably entered.

This appears to be a case of first impression in Nebraska, and the briefs do not disclose cases from other jurisdictions passing on the exact point. It is obvious that in exercising the authority granted by the Driver License Compact, the Director of the Nebraska Department of Motor Vehicles has no power or authority other than that specifically conferred. It is equally obvious that to be applicable herein, a report of a conviction from another jurisdiction must comply with the provisions set out in Article II of the Driver License Compact.

The question concerning the accuracy of the foreign documents is occasioned largely because there was no authenticated copy of the judgment entered by the Oklahoma court. Accordingly, we hold that for a report of an out-of-state conviction to be effective in Nebraska, under the provisions of the Driver License Compact, it must be authenticated in due form for admission in evidence in the courts of this state.

Judgment reversed and cause remanded with directions to dismiss the order of the Director of the Department of Motor Vehicles suspending plaintiff's motor vehicle operator's license.

REVERSED AND REMANDED WITH DIRECTIONS.