**In the Matter of James Clark STEELE, Petitioner and Appellant,**

v.

**The STATE of South Dakota, DEPARTMENT OF COMMERCE AND REGULATION, DIVISION OF FIRE SAFETY AND REGULATION, DRIVER IMPROVEMENT PROGRAM, Respondent and Appellee.**

No. 15166.

Supreme Court of South Dakota.

Considered on Briefs March 19, 1986.

Decided Nov. 19, 1986.

Leroy Hill of Leroy Hill Law Offices, Belle Fourche, for petitioner and appellant.

Robert Mayer, Asst. Atty. Gen., Pierre, for appellee; Mark V. Meierhenry, Atty. Gen. Pierre, on brief.

MORGAN, Justice.

James Clark Steele, Jr. appeals from a judgment of the trial court affirming the South Dakota Department of Commerce and Regulation's (Department) decision to revoke his driver's license. We affirm.

On February 13, 1985, Steele pled guilty in Butte County, South Dakota to the charge of driving while under the influence of alcohol. SDCL 32–23–1. Shortly thereafter the Department, pursuant to SDCL 32–12–52.1, revoked Steele's driver's license for one year. The Department's revocation order was based on driver history records which included the Butte County conviction and a Wyoming document entitled "Abstract of Court Record Licensing Authority." This abstract indicated that Steele had been convicted of DWI in Wyoming; it included Steele's name, address, date of birth, race, sex, driver's license number, vehicle year and make, vehicle license number, offense, plea, fine, jail sentence, and the signature of the judge.

Steele challenged the license revocation and petitioned the court for a trial de novo pursuant to SDCL 32–12–59. At the trial de novo, Steele stipulated to the fact that on March 9, 1982, he entered a plea of guilty in Lincoln County, Wyoming to the charge of driving while under the influence, which would be a violation of SDCL 32–23–1 in South Dakota. The stipulation also included the Butte County DWI conviction. Despite this stipulation, Steele argued that the state must establish the legitimacy and jurisdictional sufficiency of the Wyoming conviction before that conviction could serve as grounds for the revocation of his license. The trial court rejected his argument.

The sole issue on appeal is whether the "abstract" of Steele's Wyoming conviction is sufficient to prove the out-of-state conviction in this license revocation proceeding. SDCL 32–12–56 states:

The department of commerce and regulation is authorized to suspend or revoke the license of any resident of this state or the privilege of a nonresident to drive a motor vehicle in this state upon receiving *notice of the conviction of such person in another state* of an offense therein which, if committed in this

state, would be grounds for the suspension or revocation of the license of an operator. (Emphasis added)

Steele argues that the notice of conviction required by SDCL 32–12–56 must conform to the Uniform Foreign Judgments Act, SDCL 15–16A–2, with an authenticated copy of the Wyoming judgment. We disagree.

While statutes in many states authorize an administrative agency to revoke a resident's driver's license upon receiving notice that the resident has been convicted in another state of a motor vehicle traffic violation, none has expressly defined "notice of conviction;" therefore, the determination of what constitutes proper notice of conviction becomes one of judicial interpretation. It has generally been held that the notice of conviction forwarded to the revoking authorities need not be certified or authenticated in order to sustain the revocation of a driver's license. Annot., 87 A.L.R.2d 1019 (1963); 7A Am.Jur.2d *Automobiles and Highway Traffic* § 135.

The Iowa Supreme Court, in interpreting a statute almost identical to SDCL 32–12–56, has ruled that any legal-appearing form sent from another state to Iowa which in fact informs of the conviction in the other state is sufficient to meet the notice of conviction requirement. *Ferguson v. Stilwill*, 224 N.W.2d 11 (Iowa 1974). Pennsylvania courts have held that under that state's counterpart of SDCL 32–12–56, the notice of conviction need not be in any particular form or certified by any particular officer; the notice of conviction is sufficient if it shows that the individual was arrested and paid a fine and indicates the date of the conviction. *Commonwealth v. Stout*, 199 Pa.Super. 182, 184 A.2d 108 (1962); *Commonwealth v. Hogan*, 197 Pa. Super. 596, 180 A.2d 100 (1962).

We agree with the position taken by the Iowa and Pennsylvania courts. The abstract from Wyoming, which clearly shows Steele's name, driver's license number, vehicle year and make, vehicle license number, offense, guilty plea, and sentence, meets the notice of conviction requirement in SDCL 32–12–56. We take particular note of the fact that SDCL 32–12–56 does not require "certification" or "proof;" it only requires notice. *See Witsch Motor Vehicle Operator's License Case*, 194 Pa. Super. 384, 168 A.2d 772 (1961).

The judgment of the trial court is affirmed.

WUEST, C.J., and FOSHEIM and SABERS, JJ., concur.

HENDERSON, J., concurs in result.

HENDERSON, Justice (concurring in result).

This case is on appeal from a trial de novo. A Judgment Affirming Decision of South Dakota Department of Commerce and Regulation was entered after a trial de novo. SDCL 32–12–59.* It behooved the trial court to take testimony and thereby render its own independent determination on the revocation or nonrevocation of the driver's license at issue. *See Dep't. of Public Safety v. Weinrich*, 263 N.W.2d 690, 692 (S.D.1978).

It appears the trial court did conduct an independent examination of the facts. It is significant to mention a certain judicial notice which the trial court took during the course of the de novo hearing. Appellant's Wyoming conviction was under a "justice of the peace" court system. Appellant's conviction arose in Lincoln County, Wyoming. Until July 1984, Lincoln County, Wyoming, operated under a "justice of the peace" court system.

As judicially noticed by the trial court, "[t]he system used no files, no formal information, no formal sentence, no formal judgment and was very disorganized." Therefore, the State of South Dakota was hard put to meet the Uniform Enforcement of Foreign Judgments Act. SDCL 15–16A–2. So the State of South Dakota, through the South Dakota Department of Com-

---

* As I read the record, appellant seeks review under this statute which allows a hearing in a court of record when a license is denied or revoked.

merce and Regulation, relied upon the only proof available, namely, an "abstract." The "abstract" was filed and made a part of the record below. It was also "certified." Were we to follow the appellant's advocacy to a logical extreme, any Wyoming conviction prior to July 1984 would be invalid in the State of South Dakota simply because the State of Wyoming used a different system than our state at the time in question.

Needless to say, I am impressed by the fact that the appellant stipulated to his DWI conviction in the State of Wyoming. Said stipulation also included the Butte County conviction. This stipulation, coupled with the "abstract," justifies the affirmance of the lower court's decision beyond peradventure.

Finally, I am not enthralled with the 1974 Iowa decision as cited by the majority, and therefore do not wish to join the majority opinion in its recitation of the Iowa authority with approval. Iowa's language paints with too broad a brush. I would not permit "*any* legal-appearing form" of notice of conviction to suffice. The document, from whatever state, should bear an indicia of the foreign state's conviction. The legal form should reflect that it comes from a foreign state and that, indeed, a conviction for DWI took place on a certain date in a certain court and with the sentence. Be it by "abstract" or judgment, the plea should be recited and the finding of guilt.

I fear computer printouts will soon be in the offing for proof of previous convictions. Notices of conviction should not emanate from computer printouts and administrative flurry. A circuit court or an administrative body should have some type of document which is reliable and bears an air of officialdom. Pennsylvania, as the majority opinion points out, has likewise taken a fluid approach to the reception of evidence in an administrative body or a court. Our sister state of Nebraska, however, does require that reports of out-of-state convictions be authenticated and specified that it shall be "in due form for admission in evidence in the courts of this state."

*Johnston v. Dep't. of Motor Vehicles,* 190 Neb. 606, 608, 212 N.W.2d 342, 344 (1973). It should be noted that the statutes of Nebraska employ a scheme allowing reports from other jurisdictions but sets forth the contents of those reports.

In summation, although I agree with the result of this case, I cautiously approach the introduction of evidence in the courts of law or before administrative bodies that takes so many shortcuts it begets a burden of proof which is, by nature, wispy and without firmament.