## 74362. EARP v. FLETCHER.
(359 SE2d 456)

McMURRAY, Presiding Judge.

On December 20, 1984, appellee was arrested in Jacksonville, Alabama for the offense of driving under the influence of alcohol. Appellee was convicted of the offense and paid a fine. Thereafter, the Department of Public Safety issued a suspension order, suspending the driver's license of appellee. The notice of suspension was dated March 14, 1985. However, it was not mailed until March 21, 1985.

The notice of suspension was mailed to the home of appellee's parents. (Appellee was a full-time student residing in Jacksonville, Alabama.) The notice was not delivered by the post office until March 26, 1985. In the meantime, in the early morning hours of March 26, 1985, appellee was arrested in Jacksonville, Alabama for failing to stop at a stop sign.

It appears that, upon inquiry, the Department of Public Safety informed the Jacksonville, Alabama police department that appellee's license had been suspended. Accordingly, in addition to the failure to stop at a stop sign charge, appellee was accused of driving with a suspended license.

Appellee pleaded guilty to the failure to stop charge and not guilty to the driving with a suspended license offense. On May 5, 1985, the Municipal Court of Jacksonville, Alabama found appellee guilty of the offense of driving with a suspended license. Appellee ap-

pealed his conviction and posted a cash bond. The appeal was dismissed, however, and the bond was forfeited.

In view of the Alabama conviction for driving with a suspended license, the Department of Public Safety notified appellee that his license would be suspended for an additional year. See OCGA § 40-5-121 (b). Thereupon, appellee requested, and was afforded, a departmental hearing. Upon consideration, the additional suspension period was upheld by the Department of Public Safety.

A de novo appeal was taken by appellee to the Superior Court of Chattooga County. On appeal, appellee contended he was improperly convicted of driving with a suspended license because he had not received notice of the suspension before his arrest on March 26, 1985. Thus, appellee argued, the additional suspension period was imposed erroneously. After hearing evidence, the superior court determined that in fact appellee did not receive notice that his license had been suspended until eight or ten hours after he was charged with driving with a suspended license. Thus, the superior court concluded that the additional suspension period was improper. The Department of Public Safety sought, and we granted, a discretionary appeal. *Held*:

It is clear that the superior court overturned the Department of Public Safety's ruling because it determined that the Alabama conviction was invalid. This it could not do. A collateral attack on an underlying conviction which is used to support a license suspension may not be made in a de novo appeal unless the conviction is void on its face. See *Hardison v. Martin*, 254 Ga. 719, 722 (334 SE2d 161). Compare *Cofer v. Cook*, 141 Ga. App. 646 (234 SE2d 185). The driving with a suspended license conviction was not void on its face. Accordingly, the superior court erred in ruling the license suspension to be improper.

*Judgment reversed. Beasley, J., concurs. Sognier, J., concurs in the judgment only.*

DECIDED JULY 8, 1987.

*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Cathy A. Cox*, for appellant.

*Archibald A. Farrar, Jr.*, for appellee.