IN RE ESTATE OF JEAN BRESLOW, DECEASED.
DOUGLAS COUNTY, APPELLANT, V. SONIA BRESLOW,
COPERSONAL REPRESENTATIVE, ET AL., APPELLEES.
670 N.W.2d 797

Filed November 7, 2003.   No. S-02-858.

James S. Jansen, Douglas County Attorney, James R. Thibodeau, and Bernard Monbouquette for appellant.

William D. Kuester, of Crosby Guenzel, L.L.P., for appellee Sonia Breslow.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

Neb. Rev. Stat. § 77-2007.04 (Reissue 1996) sets out the requirements for a charitable bequest exemption from Nebraska inheritance tax. In this appeal, we decide if a bequest to the State of Israel to be used exclusively for charitable purposes qualifies as an exemption under § 77-2007.04.

The Douglas County Court determined that § 77-2007.04 exempted the bequest from Nebraska inheritance tax. Because we determine that the bequest does not meet the conditions set out in § 77-2007.04, we reverse.

## BACKGROUND

The underlying facts are not in dispute. The decedent, Jean Breslow, left the remainder of her estate to the State of Israel. The $1,792,446 bequest was to be used exclusively for charitable purposes in Israel in providing aid and assistance to meet the housing needs of the aged or indigent immigrants to Israel or such other similar charitable purposes as deemed appropriate by such legatee. Breslow's will further provided "[i]t is my express and controlling intention that the entire charitable bequest contained in this Section shall entitle my estate to receive a charitable deduction equal in amount to the value of this bequest, under all applicable local, state and federal laws regarding inheritance, transfer, death and estate taxes."

Following Breslow's death, several of her heirs challenged the validity of the will and the proceedings were transferred from the Douglas County Court to the Douglas County District Court. While the will contest was pending, the personal representatives paid $109,288.48 in tentative inheritance taxes to the Douglas County treasurer. The personal representatives paid the tentative inheritance tax to prevent interest from accruing on any inheritance tax that the heirs would have owed if the will contest were successful. The heirs and the personal representatives later settled the will contest, agreeing that each heir would receive $8,571.43 from the estate.

After the heirs had settled, the personal representatives filed a petition for redetermination of inheritance tax and claim for

refund with the Douglas County Court. In the petition, the personal representatives requested that the court determine the amount of inheritance tax due. More importantly, the personal representatives also alleged that § 77-2007.04 exempted the bequest to Israel from Nebraska's inheritance tax and that the estate was entitled to a refund of $106,638.85. Douglas County answered, denying that the bequest was exempt from the inheritance tax.

Following a hearing, the court determined that the bequest met the requirements of § 77-2007.04 and that the estate was entitled to a refund. Douglas County appealed. We granted the personal representatives' petition to bypass.

## ASSIGNMENT OF ERROR

Douglas County assigns that the court erred in concluding that under § 77-2007.04, the bequest to Israel was exempt from Nebraska inheritance tax.

## STANDARD OF REVIEW

■ Statutory interpretation presents a question of law, on which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Newman v. Thomas*, 264 Neb. 801, 652 N.W.2d 565 (2002).

## ANALYSIS

Section 77-2007.04 exempts, from inheritance, tax transfers made to further religious, charitable, educational, scientific, and public purposes. Specifically, it provides:

> All bequests, legacies, devises, or gifts to or for the use of any corporation, organization, association, society, institution, or foundation, organized and operating exclusively for religious, charitable, public, scientific, or educational purposes, no part of which is owned or used for financial gain or profit, either by the owner or user, or inures to the benefit of any private stockholder or individual, or to a trustee or trustees exclusively for such religious, charitable, or educational purposes shall not be subject to any tax under the provisions of sections 77-2001 to 77-2006, and any amendments thereto, if any of the following conditions are present:

(1) Such corporation, organization, association, society, institution, or foundation is organized under the laws of this state or of the United States, or

(2) The property transferred is limited for use within this state, or

(3) In the event that the corporation, organization, association, society, institution, or foundation is organized or existing under the laws of a territory or another state of the United States or of a foreign state or country, at the date of the decedent's death either of the following occurred:

(a) The territory, other state, foreign state, or foreign country did not impose a legacy, succession, or death tax of any character in respect to property transferred to a similar corporation, organization, association, society, institution, or foundation, organized or existing under the laws of this state, or

(b) The laws of the territory, other state, foreign state, or foreign country contained a reciprocal provision under which property transferred to a similar corporation, organization, association, society, institution, or foundation, organized or existing under the laws of another territory or state of the United States or foreign state or country was exempt from legacy, succession, or death taxes of every character, if the other territory or state of the United States or foreign state or country allowed a similar exemption in respect to property transferred to a similar corporation, organization, association, society, institution, or foundation, organized or existing under the laws of another territory or state of the United States or foreign state or country.

This is our first opportunity to determine whether a bequest to a foreign state for charitable purposes is exempt from inheritance tax under § 77-2007.04. In general, statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Metropolitan Utilities Dist. v. Balka*, 252 Neb. 172, 560 N.W.2d 795 (1997). Also, statutes exempting property from inheritance tax should be strictly construed, and the burden is on the taxpayer to show that he or she clearly falls within the

language of the statute. *In re Estate of Kite*, 260 Neb. 135, 615 N.W.2d 481 (2000).

For a transfer to qualify for an exemption under § 77-2007.04, it must fall into one of the two categories of transfers set out in the first paragraph of the statute. The first category consists of "[a]ll bequests, legacies, devises, or gifts to or for the use of any corporation, organization, association, society, institution, or foundation, organized and operating exclusively for religious, charitable, public, scientific, or educational purposes, no part of which is owned or used for financial gain or profit . . . ." The second category of transfers consists of "[a]ll bequests, legacies, devises, or gifts . . . to a trustee or trustees exclusively for such religious, charitable, or educational purposes . . . ." In addition to falling into one of the two categories set out in the initial paragraph of § 77-2007.04, to qualify for the exemption, the transfer must meet one of the three conditions that appear in subsections (1) through (3).

The personal representatives argue that the bequest falls into both categories of transfers set out in the initial paragraph of § 77-2007.04 and that the bequest also meets the condition listed in subsection (3). Because it simplifies our analysis, we begin by focusing on subsection (3).

Section 77-2007.04(3) begins as follows:

> In the event that the *corporation, organization, association, society, institution, or foundation* is organized or existing under the laws of a territory or another state of the United States or of a foreign state or country, at the date of the decedent's death either of the following occurred . . . .

(Emphasis supplied.) (The conditions following in § 77-2007.04(3)(a), (b), and (c) are not relevant to our discussion.)

The italicized language corresponds to the first category of transfers that are set out in the opening paragraph of § 77-2007.04, i.e., transfers "to or for the use of any *corporation, organization, association, society, institution, or foundation*, organized and operating exclusively for religious, charitable, public, scientific, or educational purposes, no part of which is owned or used for financial gain or profit." (Emphasis supplied.) Subsection (3) does not refer to transfers to trustees. From this, we conclude that subsection (3) is not applicable if the transfer in

question falls into only the second category of transfers set out in the opening paragraph of § 77-2007.04, i.e., transfers "to a trustee or trustees exclusively for . . . religious, charitable, or educational purposes." Thus, we determine whether the bequest falls into the first category of transfers. If it does not, then the bequest is subject to inheritance tax.

The personal representatives do not contend that Israel is a "corporation, organization, association, society, institution, or foundation, organized and operating exclusively for religious, charitable, public, scientific, or educational purposes, no part of which is owned or used for financial gain or profit." It does, however, argue that the language of the will requires Israel to hold the bequest as a fiduciary for charitable organizations in Israel. Thus, it claims that the bequest is for the benefit of organizations operating exclusively for charitable purposes and that it falls into the first category of transfers set out in the opening paragraph of § 77-2007.04.

The personal representatives' interpretation, however, ignores the plain language of the will. The will leaves the remainder of Breslow's estate to "the State of Israel exclusively for charitable purposes in Israel in providing aid and assistance to meet the housing needs of the aged or indigent immigrants to Israel or such other similar charitable purposes deemed appropriate by such legatee." Although the bequest certainly has a charitable intent and evidence in the record (affidavit from Israel's Ministry of Justice) suggests that Israel will give the funds to charitable organizations, *the language of the will does not require* Israel to use charitable organizations to carry out the will's charitable intent. Israel could, for example, satisfy the terms of the bequest by using it to fund government construction of housing for indigent or elderly immigrants. Without language in the will requiring Israel to give the funds to charitable organizations "operating exclusively for religious, charitable, public, scientific, or educational purposes, no part of which is owned or used for financial gain or profit," the bequest does not fall into the first category of transfers set out by the initial paragraph of § 77-2007.04.

## CONCLUSION

The personal representatives failed to meet their burden to clearly show that § 77-2007.04 exempted the bequest to Israel

from Nebraska inheritance tax. Accordingly, we reverse the judgment of the Douglas County Court.

REVERSED.