WARREN STRONG, APPELLANT, V. BEVERLY NETH, DIRECTOR,
STATE OF NEBRASKA, DEPARTMENT OF
MOTOR VEHICLES, APPELLEE.

676 N.W.2d 15

Filed March 12, 2004.   No. S-02-292.

Bell Island, of Island & Huff, Attorneys at Law, P.C., L.L.O., for appellant.

Don Stenberg, Attorney General, Milissa D. Johnson-Wiles, and, on brief, Hobert B. Rupe for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

Miller-Lerman, J.

## NATURE OF CASE

The commercial driver's license of Warren Strong, appellant, was administratively revoked by the Department of Motor Vehicles, appellee, based on the determination of the department that Strong's conduct and legal proceedings in Wyoming amounted to a "conviction" under the Driver License Compact (Compact), 2A Neb. Rev. Stat. app. § 1-113 (Reissue 1995). The case in Wyoming commenced on May 14, 2001, when Strong was issued a citation for driving under the influence of alcohol. The Scotts Bluff County District Court sustained the administrative revocation of Strong's commercial driver's license. The Nebraska Court of Appeals affirmed the district court's order. *Strong v. Neth*, No. A-02-292, 2003 WL 21523796 (Neb. App. July 8, 2003) (not designated for permanent publication). Strong filed a petition for further review of the decision of the Court of Appeals. We granted the petition for further review. We affirm.

## STATEMENT OF FACTS

The facts, which are essentially undisputed, are as follows: On May 14, 2001, Strong was operating a commercial vehicle in Goshen County, Wyoming, when he came into contact with Trooper David Cunningham of the Wyoming State Patrol at a weigh station. As a result of that contact, Cunningham administered a preliminary breath test (PBT). The PBT revealed that Strong's blood alcohol concentration exceeded Wyoming's 0.04-percent legal limit for commercial drivers. As a result of the PBT, Cunningham issued Strong a citation for driving under the influence. The citation is not part of the record on appeal.

In an affidavit Strong filed with the district court and contained in the bill of exceptions, he states that he "received a ticket" on May 14, 2001. He further states that at the time he received the ticket, he did not post a bond, bail, or security to guarantee his appearance in court on the ticket. He also asserts in his affidavit that he did not sign any document guaranteeing any type of bond, bail, or security to secure his appearance. In his affidavit, he states that "he sent in a fine in lieu of appearing in court."

A copy of the "Abstract of Court Record" from the State of Wyoming is found in the transcript on appeal. The abstract

identifies Strong as the "Defendant," provides "Statute No: 31-18-701a" under the offense information, and gives a description for the offense as ".04% Alcohol Viol Reg." The abstract identifies the court in which the action took place as "CCTOR" and "Judge: Arp/ Randal." Elsewhere in the abstract, there is a stamp certifying the abstract, and the stamp identifies the court as the Circuit Court for the Eighth District in Goshen County and the judge as Randal R. Arp. The abstract also sets forth that there was no trial. The abstract reflects that there was a "Finding of Forfeiture Entered on" June 7, 2001. The abstract provides that Strong paid a "Forfeiture" in the amount of $130, plus "Costs" in the amount of $30, for a total payment of $160. The abstract provides a space to enter the amount of a "Fine," if any, and in this space, the abstract indicates that the fine was "$0.00."

As a result of receiving notice from the State of Wyoming concerning the Wyoming proceeding, on June 29, 2001, the Nebraska Department of Motor Vehicles revoked Strong's commercial driver's license for 1 year. Strong appealed the department's decision to the Scotts Bluff County District Court, which sustained the revocation.

Strong appealed the district court's order to the Court of Appeals. For his single assignment of error before the Court of Appeals, Strong asserted that the district court erred "when it determined that the Wyoming offense properly complied with the [Compact], and therefore, required a revocation of Strong's Commercial Drivers License."

The Compact, which has been adopted by both Nebraska and Wyoming, provides in pertinent part:

ARTICLE I
Definitions

As used in this compact:

. . . .

(c) Conviction means a conviction of any offense related to the use or operation of a motor vehicle which is prohibited by state law . . . or a forfeiture of bail, bond, or other security deposited to secure appearance by a person charged with having committed any such offense, and which conviction or forfeiture is required to be reported to the licensing authority.

## ARTICLE II
### Reports of Conviction

The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person convicted; describe the violation specifying the section of the statute . . . violated; identify the court in which action was taken; indicate whether a plea of guilty or not guilty was entered, or the conviction was a result of the forfeiture of bail, bond or other security; and shall include any special findings made in connection therewith.

## ARTICLE III
### Effect of Conviction

. . . .

(b) [T]he licensing authority in the home state shall give such effect to the conduct as is provided by the laws of the home state.

See 2A Neb. Rev. Stat. app. § 1-113.

Relying in part upon this court's four-part analysis in *Jacobson v. Higgins*, 243 Neb. 485, 500 N.W.2d 558 (1993), the Court of Appeals concluded that under the Compact, the Wyoming proceeding could be used by the department as the basis for the revocation of Strong's commercial driver's license issued in Nebraska if certain requirements were met. See *Strong v. Neth*, No. A-02-292, 2003 WL 21523796 (Neb. App. July 8, 2003) (not designated for permanent publication). Those requirements are as follows:

(1) The Wyoming proceeding met the Compact's definition of a "conviction,"

(2) the conviction was one which Wyoming law required to be reported to the state licensing authority,

(3) the Wyoming abstract contained the information required under the Compact, and

(4) Nebraska law provided that Strong's conduct could be used to revoke Strong's commercial driver's license.

The Court of Appeals analyzed each of these four requirements. First, referring to Strong's admission that he " 'sent a fine in lieu of appearing in court' " and the language in the abstract

that indicated that $130 was allocated to "forfeiture," the Court of Appeals concluded that the Wyoming proceeding met the Compact's definition of a "conviction." *Strong v. Neth*, 2003 WL 21523796 at *2. Second, the Court of Appeals reviewed relevant provisions of Wyoming's driving under the influence laws and determined that "the Goshen County Court was required . . . to report Strong's conviction to the Wyoming licensing authority." *Id.* Third, the Court of Appeals examined the abstract and concluded that it contained the information required under the Compact. Finally, based upon Neb. Rev. Stat. § 60-4,168 (Reissue 1998), the Court of Appeals concluded that Strong's conduct in Wyoming could also be used in Nebraska to revoke his commercial driver's license. Section 60-4,168 provides that

a person shall be disqualified from driving a commercial motor vehicle for one year:

. . . .

. . . Upon a first administrative determination . . . that such person while driving a commercial motor vehicle in this or any other state . . . had a concentration of . . . four-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his or her breath . . . .

Based upon this reasoning, the Court of Appeals affirmed the district court's decision sustaining the department's revocation order. *Strong v. Neth, supra.* Strong filed a petition for further review, which we granted. We affirm.

ASSIGNMENT OF ERROR

In his petition for further review, Strong claims that the "Court of Appeals erred in determining the conviction from Wyoming properly complied with the . . . Compact for purposes of allowing a [revocation] under Nebraska Law."

STANDARDS OF REVIEW

In an appeal of a revocation of a motor vehicle operator's license, the district court hears the appeal as in equity without a jury and determines anew all questions raised before the director of the Department of Motor Vehicles. See, Neb. Rev. Stat. § 60-4,105(3) (Cum. Supp. 2000); *Jacobson v. Higgins*, 243 Neb. 485, 500 N.W.2d 558 (1993). An appellate court's review of a

district court's review of a decision of the director of the Department of Motor Vehicles is de novo on the record. *Jacobson, supra.*

■ Statutory interpretation presents a question of law, on which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *In re Estate of Breslow*, 266 Neb. 953, 670 N.W.2d 797 (2003).

## ANALYSIS

In his petition for further review, Strong does not challenge the Court of Appeals' reliance on the four-part analysis derived from *Jacobson* to the effect that the Wyoming proceeding must satisfy four requirements under the Compact in order to be used by the department as the basis to revoke his commercial driver's license. Rather, on further review, Strong claims that the Court of Appeals erred in concluding that the Wyoming proceeding met two of those requirements. First, he claims that the Court of Appeals erred when it concluded that the Wyoming proceeding met the Compact's definition of a "conviction." Second, Strong claims the Court of Appeals erred in concluding that under Nebraska law, Strong's conduct in Wyoming could be used to revoke his commercial driver's license in Nebraska.

*Strong's Wyoming Forfeiture as*
*"Conviction" Under Compact.*

On further review, Strong claims for his first argument that the Wyoming abstract fails to show a "conviction" as defined under the Compact. We disagree.

Under article I(c) of the Compact, "Conviction means a conviction of any offense related to the use or operation of a motor vehicle which is prohibited by state law . . . or a forfeiture of bail, bond, or other security deposited to secure appearance by a person charged with having committed any such offense." For the reasons cited below, we conclude Strong effectively forfeited a bond under Wyoming law and, therefore, there was a "conviction" as "conviction" is used in article I(c) of the Compact.

Pursuant to Neb. Rev. Stat. § 25-12,101 (Reissue 1995), we take judicial notice of the fact that the offense listed in the

Wyoming abstract with which Strong was charged is a misdemeanor under Wyoming law. See Wyo. Stat. Ann. § 31-18-701(a) (Lexis 2003). Pursuant to Wyo. R. Crim. P. 3(b)(2) (rev. 2001), a "citation may be issued as a charging document for any misdemeanor." (This language is currently found at rule 3(b)(3) as amended.) The parties agree that Cunningham issued Strong a "citation."

Under Wyoming law, when a citation is issued, the person charged may sign a promise to appear later in court to answer the citation. Wyo. R. Crim. P. 3.1(b)(1) (rev. 2001). The person may "satisfy a promise to appear" by paying to the court "the amount of the fine and court costs." *Id.* at 3.1(d)(1).

■ An appearance bond is generally defined as a "[t]ype of bail bond required to insure [the] presence of [the] defendant in [a] criminal case." Black's Law Dictionary 178 (6th ed. 1990). Under Wyoming law, a promise to appear serves the office of a bond in securing the defendant's appearance in court. Under rule 3.1(d)(1), a forfeiture occurs when the defendant pays "the amount of the fine and court costs" in lieu of making an actual appearance in court. In this case, Strong paid the amount of the fine but did not appear and, therefore, there was a "forfeiture."

Strong argues that when he received his citation, he did not promise to pay any "bond, bail, or other security" to secure his appearance in court. Brief for appellant at 7. Strong admits in his affidavit, however, that he paid money in lieu of appearing in court, and as a matter of law, this payment of money satisfies the definition of a "forfeiture" under Wyoming law. See rule 3.1(d)(1). Strong's payment in lieu of an appearance amounted to a forfeiture of a bond, and the Compact's definition of a "conviction" includes a "forfeiture" of a bond. Thus, Strong's Wyoming forfeiture constituted a "conviction" as used in the Compact. Accordingly, we conclude that Strong's first argument is without merit.

*Conduct in Wyoming Resulting in Commercial Driver's License Revocation in Nebraska.*

For his second argument, Strong claims the Court of Appeals erred when it concluded that under Nebraska law, Strong's conduct in Wyoming could be used to revoke his commercial driver's license in Nebraska. Strong refers the court to *State v.*

*Klingelhoefer*, 222 Neb. 219, 382 N.W.2d 366 (1986), which states that in general, PBT's are admissible for limited purposes only. We recognize that under Nebraska law, a PBT standing alone does not satisfy the requirements for a conviction for driving under the influence. *State v. Howard*, 253 Neb. 523, 571 N.W.2d 308 (1997). Strong asserts that the Wyoming conviction based on a PBT cannot be used in Nebraska as a basis to administratively revoke Strong's commercial driver's license in Nebraska. In this way, Strong attempts to relitigate the Wyoming proceedings in a Nebraska court. This attempt is unavailing.

■ Article III(b) of the Compact provides that "the licensing authority in the home state shall give such effect to the conduct as is provided by the laws of the home state." Statutory interpretation presents a question of law, on which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *In re Estate of Breslow*, 266 Neb. 953, 670 N.W.2d 797 (2003). We conclude that under article III(b) of the Compact, the "conduct" to which the Compact refers is the conduct which occurred in the party state, which conduct led to the proceedings in the party state resulting in a "conviction" under the Compact. Our reading of "conduct" in article III(b) is in accord with Compact authority elsewhere. For example, in *Rigney v. Edgar*, 135 Ill. App. 3d 893, 897-98, 482 N.E.2d 367, 370, 90 Ill. Dec. 548, 551 (1985), it was observed under comparable Compact language that the "Compact clearly expresses the legislative intent to discipline [home state] licensed drivers for conduct occurring in another State" and that the "Compact gives [the home state] authority to treat the out-of-State conduct of [a home state] licensed driver as if it occurred in [the home state]." Thus, under the Compact, Nebraska must give the same effect to the conduct of driving a commercial vehicle under the influence of alcohol in Wyoming as if that conduct had occurred in Nebraska.

■ Notwithstanding the language of article III(b) of the Compact, Strong collaterally challenges the sufficiency of the evidence derived from Wyoming's method of testing blood alcohol concentration where such method is disfavored in Nebraska. In *Johnston v. Department of Motor Vehicles*, 190 Neb. 606, 608, 212 N.W.2d 342, 343-44 (1973), a Compact case, this court

"observe[d] the licensee cannot relitigate the question of his guilt [as determined by another state] in Nebraska." Furthermore, it is generally recognized in Compact cases that a licensee cannot attack the validity of the result of the foreign proceeding when the licensee's home state commences an action to revoke the operator's license based on the out-of-state proceeding. See Annot., 87 A.L.R.2d 1019 (1963), and Annot., 85-87 A.L.R.2d Later Case Service 573 (2001 & Supp. 2003). See, e.g., *Earp v. Fletcher*, 183 Ga. App. 593, 594, 359 S.E.2d 456, 457 (1987) (stating in Compact case that motorist cannot collaterally attack underlying conviction unless it is "void on its face"); *Fetters v. Degnan*, 250 N.W.2d 25, 31 (Iowa 1977) (concluding in Compact case that trial court decision which permitted collateral attack on foreign proceeding was "erroneous as a matter of law"); *Fetty v. Com., Dept. of Transp.*, 784 A.2d 236 (Pa. Commw. 2001) (stating in Compact case that if no appeal is taken in foreign proceeding, motorist cannot collaterally attack validity of that proceeding in subsequent home state revocation proceeding). Thus, under the Compact, in a proceeding to revoke a commercial driver's license in the driver's home state of Nebraska based on out-of-state conduct leading to a "conviction" under the Compact, the outcome of the out-of-state proceeding is final and conclusive and generally not subject to collateral attack in Nebraska. See *Johnston, supra.*

In the instant appeal, the "conduct" referred to under the Compact is Strong's driving a commercial vehicle while his blood alcohol concentration was in excess of Wyoming's 0.04-percent legal limit for commercial drivers. Under the Compact, Nebraska is required to give the same effect to this conduct as if the conduct had occurred in Nebraska. Indeed, under Nebraska law, this conduct would result in the revocation of a commercial driver's license for a period of 1 year. See § 60-4,168. Thus, we conclude there is no merit to Strong's second argument on further review that the Court of Appeals erred in determining that under Nebraska law, Strong's conduct in Wyoming could be used to revoke his commercial driver's license in Nebraska.

## CONCLUSION

For the reasons stated above, we conclude that the Wyoming proceeding met the Compact's definition of a "conviction." We

further conclude that Strong's conduct of driving a commercial vehicle in Wyoming while under the influence of alcohol could be used to revoke his commercial driver's license in Nebraska. We affirm the decision of the Court of Appeals which affirmed the district court's decision sustaining the department's order revoking Strong's commercial driver's license for 1 year.

AFFIRMED.