Jordan D. Klug, appellant, v.
Nebraska Department of
Motor Vehicles, appellee.
___ N.W.2d ___

Filed June 26, 2015.    No. S-14-600.

1. **Administrative Law: Motor Vehicles: Appeal and Error.** An appellate
   court's review of a district court's review of a decision of the director of
   the Department of Motor Vehicles is de novo on the record.
2. **Statutes: Appeal and Error.** Statutory interpretation is a question of
   law that an appellate court resolves independently of the trial court.
3. **Statutes: Legislature: Intent.** In discerning the meaning of a statute,
   a court must determine and give effect to the purpose and intent of the
   Legislature as ascertained from the entire language of the statute con-
   sidered in its plain, ordinary, and popular sense, as it is the court's duty
   to discover, if possible, the Legislature's intent from the language of the
   statute itself.
4. **Statutes: Appeal and Error.** When construing a statute, an appellate
   court must look to the statute's purpose and give to the statute a rea-
   sonable construction which best achieves that purpose, rather than a
   construction which would defeat it.
5. **Statutes.** It is not within the province of the courts to read a meaning
   into a statute that is not there, nor to read anything direct and plain out
   of a statute.

Appeal from the District Court for Lancaster County:
Andrew R. Jacobsen, Judge. Affirmed.

Timothy S. Noerrlinger for appellant.

Jon Bruning, Attorney General, and Milissa Johnson-Wiles
for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, MILLER-LERMAN, and CASSEL, JJ.

WRIGHT, J.

## NATURE OF CASE

Jordan D. Klug appeals a district court's order affirming the lifetime revocation by the Nebraska Department of Motor Vehicles (DMV) of his commercial driver's license (CDL). The revocation was based on a Kansas administrative license proceeding and a South Dakota criminal conviction for driving under the influence of alcohol. For the reasons discussed below, we affirm the judgment of the district court.

## SCOPE OF REVIEW

[1] An appellate court's review of a district court's review of a decision of the director of the Department of Motor Vehicles is de novo on the record. *Strong v. Neth*, 267 Neb. 523, 676 N.W.2d 15 (2004).

[2] Statutory interpretation is a question of law that an appellate court resolves independently of the trial court. *DMK Biodiesel v. McCoy*, 285 Neb. 974, 830 N.W.2d 490 (2013).

## FACTS

On January 19, 2010, Klug was administratively adjudicated to have committed the offense of "Driving Under Influence-1st" in the State of Kansas. Klug was not criminally convicted of driving under the influence in this administrative proceeding, but instead completed a diversion program. On September 23, 2013, Klug was convicted in the Circuit Court of South Dakota of "Driving Under Influence-1st." On September 27, the DMV revoked Klug's CDL for life pursuant to Neb. Rev. Stat. § 60-4,168 (Cum. Supp. 2012).

Klug appealed the DMV's revocation to the district court pursuant to Neb. Rev. Stat. § 60-4,105 (Reissue 2010). He contended that the Kansas and South Dakota offenses were not "included" in § 60-4,168 and therefore did not provide a

basis for the DMV to revoke his CDL. Instead, he asserted that § 60-4,168 referred specifically to the Nebraska statutes for driving under the influence of alcohol—Neb. Rev. Stat. §§ 60-6,196 (Reissue 2010) and 60-6,197 (Cum. Supp. 2014)—and therefore did not include out-of-state convictions for driving under the influence of alcohol.

The district court rejected Klug's argument. It found that the phrase "'in this or any other state'" in § 60-4,168(1) was intended by the Legislature to include all driving under the influence of alcohol convictions, including those which occurred in another state that are equivalent to a violation of driving under the influence in § 60-6,196 or § 60-6,197. The court determined that revoking Klug's CDL was proper pursuant to the statutory objective of the applicable statutes. Klug timely appealed.

## ASSIGNMENT OF ERROR

Klug assigns as error the district court's finding that the Kansas administrative license revocation and the South Dakota conviction for driving under the influence of alcohol were offenses included in § 60-4,168(1)(a) and therefore provided a basis to revoke his CDL.

## ANALYSIS

The issue is whether out-of-state convictions for driving under the influence of alcohol are included in the provisions of § 60-4,168 pertaining to the revocation of CDL's. At all times relevant to this case, § 60-4,168 provided:

(1) Except as provided in subsections (2) and (3) of this section, a person shall be disqualified from driving a commercial motor vehicle for one year upon his or her first conviction, after April 1, 1992, *in this or any other state* for:

(a) Driving a commercial motor vehicle in violation of section 60-6,196 or 60-6,197 or under the influence of a controlled substance or, beginning September 30,

2005, driving any motor vehicle in violation of section 60-6,196 or 60-6,197 or under the influence of a controlled substance;

. . . .

(3) A person shall be disqualified from driving a commercial motor vehicle for life if, after April 1, 1992, he or she:

(a) Is convicted of or administratively determined to have committed a second or subsequent violation of any of the offenses described in subsection (1) of this section or any combination of those offenses arising from two or more separate incidents; or

. . . .

(7) For purposes of this section, conviction means an unvacated adjudication of guilt, or a determination that a person has violated or failed to comply with the law, in a court of original jurisdiction or by an authorized administrative tribunal . . . regardless of whether or not the penalty is rebated, suspended, or probated.

(Emphasis supplied.)

It is not disputed that both Klug's Kansas administrative license proceeding and his South Dakota criminal conviction are "conviction[s]" within the meaning of § 60-4,168(7). However, Klug argues (1) that the district court erred in finding those convictions were included under § 60-4,168 and (2) that the out-of-state convictions do not fit into the statutory scheme. He asserts that whereas § 60-4,168(1)(a) refers generally to controlled substances ("under the influence of a controlled substance"), it refers specifically to Nebraska statutes regarding driving under the influence of alcohol ("[d]riving a commercial motor vehicle in violation of section 60-6,196 or 60-6,197"). Klug therefore claims that § 60-4,168 includes out-of-state convictions for driving under the influence of a controlled substance, but not out-of-state convictions for driving under the influence of alcohol.

Klug was not convicted under nor did he suffer a loss of license pursuant to § 60-6,196 or § 60-6,197, but, rather, his offenses were pursuant to South Dakota and Kansas statutes for driving under the influence of alcohol. Consequently, he contends that his CDL should not have been revoked.

[3] In discerning the meaning of a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense, as it is the court's duty to discover, if possible, the Legislature's intent from the language of the statute itself. *Fisher v. PayFlex Systems USA*, 285 Neb. 808, 829 N.W.2d 703 (2013). Section 60-4,168(1) expressly provides that a person shall be disqualified from driving a commercial motor vehicle upon his or her conviction "in this or any other state" for all violations listed in subsections (a) through (f). Although § 60-4,168(1)(a) identifies §§ 60-6,196 and 60-6,197 specifically, we conclude this preliminary phrase unambiguously demonstrates that the Legislature intended to include their equivalent violations in other states for driving under the influence of alcohol.

The exclusion of out-of-state convictions from § 60-4,168 would defeat the purpose of the statute. If the language is condensed to its rule pertaining to driving under the influence of alcohol, it reads:

[A] person shall be disqualified from driving a commercial motor vehicle for one year upon his or her first conviction, after April 1, 1992, *in this or any other state* for:

. . . [d]riving a commercial motor vehicle in violation of section 60-6,196 or 60-6,197 or . . .

. . . A person shall be disqualified from driving a commercial motor vehicle for life if . . . he or she:

(a) Is convicted of or administratively determined to have committed a second or subsequent violation of any of the offenses described in subsection (1) of this section

or any combination of those offenses arising from two or
more separate incidents[.]

See § 60-4,168(1)(a) and (3)(a) (emphasis supplied).

It is not a reasonable statutory interpretation to conclude
that for a person to be convicted in "any other state," such
person must be convicted of the specific Nebraska offenses
for driving under the influence of alcohol. Consequently,
the interpretation Klug offers cannot be what the Legislature
intended. Both §§ 60-6,196 and 60-6,197 include prior
out-of-state convictions for driving under the influence of
alcohol in their sentencing framework. See Neb. Rev. Stat.
§ 60-6,197.02(1)(a)(i)(C) (Cum. Supp. 2014). It would be
unreasonable to consider a defendant's out-of-state convic-
tions under §§ 60-6,196 and 60-6,197 for criminal sentencing
purposes, but exclude them under § 60-4,168 to determine
whether to revoke a driver's CDL based on convictions under
those statutes.

[4] Klug's interpretation is contrary to the purpose of
§ 60-4,168. When construing a statute, an appellate court must
look to the statute's purpose and give to the statute a reason-
able construction which best achieves that purpose, rather than
a construction which would defeat it. *TracFone Wireless v.
Nebraska Pub. Serv. Comm.*, 279 Neb. 426, 778 N.W.2d 452
(2010). The purpose of § 60-4,168 is

to implement the requirements mandated by the fed-
eral Commercial Motor Vehicle Safety Act of 1986, 49
U.S.C. 31100 et seq., the federal Motor Carrier Safety
Improvement Act of 1999, Public Law 106-159, section
1012 of the federal Uniting and Strengthening America
by Providing Appropriate Tools Required to Intercept and
Obstruct Terrorism Act of 2001, USA PATRIOT Act, 49
U.S.C. 5103a, and federal regulations and to reduce or
prevent commercial motor vehicle accidents, fatalities,
and injuries by: (1) Permitting drivers to hold only one
operator's license; (2) disqualifying drivers for specified

offenses and serious traffic violations; and (3) strengthen-
ing licensing and testing standards.

Neb. Rev. Stat. § 60-4,132 (Cum. Supp. 2012).

Thus, the purpose of the applicable statute is to reduce and
prevent motor vehicle accidents and to comply with the man-
dates of federal law, including federal regulations, by disquali-
fying drivers for specific offenses and serious traffic viola-
tions. An interpretation of the statute that excludes out-of-state
convictions for driving under the influence of alcohol would
clearly defeat this purpose.

The State cites to various federal regulations demonstrat-
ing that states are required to disqualify commercial drivers
who have been convicted of driving under the influence. One
such regulation pertaining to state compliance with the fed-
eral CDL program mandates that states take action against a
person required to have a CDL by disqualifying the person
"who is convicted of an offense or offenses necessitating dis-
qualification under § 383.51 of this subchapter." 49 C.F.R.
§ 384.231(b)(2) (2014). Table 1 of 49 C.F.R. § 383.51 (2014)
provides that one such offense is being convicted of operating
a motor vehicle while "[b]eing under the influence of alcohol
as prescribed by State law." As explained above, Nebraska law
contemplates out-of-state convictions for driving under the
influence of alcohol. See § 60-6,197.02(1)(a)(i)(C). Therefore,
compliance with federal regulations requires the State to take
action against CDL holders who have been convicted of driv-
ing under the influence of alcohol.

We conclude that an interpretation of § 60-4,168(1) that
applies only the portion of subsection (a) pertaining to con-
trolled substances but excludes convictions in other states for
driving under the influence of alcohol would not be sensible
given the broader policies behind the statute. One can easily
recognize the reasons for this. If the overall goal of § 60-4,168
is to promote commercial vehicle motor safety, excluding
convictions for out-of-state driving under the influence of

alcohol from the DMV's decisionmaking process for CDL revocation would clearly undermine that purpose.

[5] Klug's argument is based solely on the language in § 60-4,168 that refers generally to convictions for driving under the influence of controlled substances but refers to specific statutes for driving under the influence of alcohol. Klug argues, "It would appear that for whatever reason, driving under the influence of alcohol was to be treated differently than the other offenses with regard to out-of-state convictions . . . ." Brief for appellant at 10. We disagree. It is not within the province of the courts to read a meaning into a statute that is not there, nor to read anything direct and plain out of a statute. *State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998). Both the purpose and policy behind the statute guide our conclusion.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the district court.

Affirmed.