Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/06/2018 09:12 AM CDT

In re Estate of Richard A. Hasterlik, deceased.
Kimberlee Voss, Personal Representative
of the Estate of Richard A. Hasterlik,
deceased, appellant, v. State of
Nebraska, appellee.

___ N.W.2d ___

Filed April 13, 2018.    No. S-17-592.

1. **Decedents' Estates: Taxation: Appeal and Error.** On appeal of an inheritance tax determination, an appellate court reviews the case for error appearing on the record.

2. **Judgments: Appeal and Error.** When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.

3. **Decedents' Estates: Parent and Child: Taxation: Appeal and Error.** Factual findings necessary in determining whether the requisite acknowledged parent-child relationship of Neb. Rev. Stat. § 77-2004 (Reissue 2009) exists should be reviewed for sufficient evidence and should not be disturbed on appeal unless clearly wrong.

4. **Decedents' Estates: Taxation: Statutes: Proof.** Statutes exempting property from inheritance tax should be strictly construed, and the burden is on the taxpayer to show that he or she clearly falls within the language of the statute.

5. **Decedents' Estates: Parent and Child: Taxation.** The following factors serve as appropriate guideposts to the trial court in making a determination of an acknowledged relationship of a parent under Neb. Rev. Stat. § 77-2004 (Reissue 2009): (1) reception of the child into the home and treatment of the child as a member of the family, (2) assumption of the responsibility for support beyond occasional gifts and financial aid, (3) exercise of parental authority and discipline, (4) relationship by blood or marriage, (5) advice and guidance to the child, (6) sharing of

time and affection, and (7) existence of written documentation evincing the decedent's intent to act as parent.

6. **Witnesses: Testimony.** The credibility of a witness is a question for the trier of fact, and it is within its province to credit the whole of the witness' testimony, or any part of it, which seemed to it to be convincing, and reject so much of it as in its judgment is not entitled to credit.

Appeal from the County Court for Dodge County: KENNETH J. VAMPOLA, Judge. Affirmed.

Rebecca Abell Brown, of R. Abell Brown Law, L.L.C., for appellant.

Linsey Moran Bryant, Chief Deputy Dodge County Attorney, and Emily A. Beamis for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, and STACY, JJ., and MOORE, Chief Judge, and ARTERBURN, Judge, and DOYLE, District Judge.

CASSEL, J.

## INTRODUCTION

Kimberlee Voss, personal representative of the estate of Richard A. Hasterlik, deceased, appeals from the county court's determination that she, as an individual beneficiary, did not qualify for preferential inheritance tax treatment under Neb. Rev. Stat. § 77-2004 (Reissue 2009). The court found that Voss failed to prove the decedent stood in the acknowledged relation of a parent to her. Because the county court's factual determination was not clearly wrong, we affirm.

## BACKGROUND

The evidence presented to the county court established that Voss' biological father passed away in 1983 when she was 25 years old. The decedent became engaged to Voss' mother 2 years later, but the two never married. Instead, they cohabitated in Wisconsin and later in Nebraska until Voss' mother passed away in 2013.

While Voss' mother and the decedent lived in Wisconsin, Voss' family would visit them a few times a year, and she would often have them stay at her home in Nebraska during visits. After the couple moved to Nebraska, Voss' family spent holidays with them and would see them a few times a week. Voss' mother and the decedent would provide money to Voss "at times," and they bought her son a car when he graduated from high school. After Voss' mother passed away, Voss' family continued to spend holidays with the decedent and would see him about once a week. They also helped him with grocery shopping and home maintenance.

Voss' affidavit indicated that the decedent was protective of her and would give her "fatherly advice and guidance." She further testified that the decedent referred to her as his stepdaughter. She attached a "previous" will to her affidavit, which showed that the decedent had previously disinherited his biological daughter and devised his entire estate to Voss' mother. Under that will, Voss was to inherit in the event that her mother predeceased the decedent. Although the affidavit recited that a more recent will had been executed, neither that will nor any other county court filings (other than the order being appealed) were included in the appellate record.

On this evidence, the county court concluded that it was "unable to differentiate that [the decedent] provided anything to [Voss] or acted in a manner toward [her] that was above and beyond the normal circumstances of his companionship with [Voss'] mother." Accordingly, it determined that Voss' inheritance did not qualify for the 1-percent tax rate under § 77-2004.

Voss appealed, and we moved the case to our docket.[1]

## ASSIGNMENT OF ERROR

Voss assigns that the county court erred in finding that the evidence did not establish that she was a person to whom the

---

[1] See Neb. Rev. Stat. § 24-1106(3) (Supp. 2017).

deceased, for more than 10 years prior to death, stood in the acknowledged relation of a parent.

## STANDARD OF REVIEW

[1,2] On appeal of an inheritance tax determination, an appellate court reviews the case for error appearing on the record.[2] When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[3]

[3] Factual findings necessary in determining whether the requisite acknowledged parent-child relationship of § 77-2004 exists should be reviewed for sufficient evidence and should not be disturbed on appeal unless clearly wrong.[4]

## ANALYSIS

[4] Statutes exempting property from inheritance tax should be strictly construed, and the burden is on the taxpayer to show that he or she clearly falls within the language of the statute.[5] Section 77-2004 provides that "any person to whom the deceased for not less than ten years prior to death stood in the acknowledged relation of a parent" shall receive an inheritance tax exemption of $40,000 and shall be taxed at the rate of 1-percent of the clear market value of the property thereafter. Therefore, it was Voss' burden to establish that she was a person "to whom the deceased for not less than ten years prior to death stood in the acknowledged relation of a parent."

[5] The following factors serve as appropriate guideposts to the trial court in making a determination of an acknowledged relationship of a parent under § 77-2004: (1) reception of the

---

[2] See *In re Estate of Craven*, 281 Neb. 122, 794 N.W.2d 406 (2011).

[3] *Id.*

[4] *In re Estate of Kite*, 260 Neb. 135, 615 N.W.2d 481 (2000).

[5] *In re Estate of Breslow*, 266 Neb. 953, 670 N.W.2d 797 (2003).

child into the home and treatment of the child as a member of the family, (2) assumption of the responsibility for support beyond occasional gifts and financial aid, (3) exercise of parental authority and discipline, (4) relationship by blood or marriage, (5) advice and guidance to the child, (6) sharing of time and affection, and (7) existence of written documentation evincing the decedent's intent to act as parent.[6]

[6] Voss testified that the decedent referred to her as his stepdaughter. The credibility of a witness is a question for the trier of fact, and it is within its province to credit the whole of the witness' testimony, or any part of it, which seemed to it to be convincing, and reject so much of it as in its judgment is not entitled to credit.[7] Even if Voss' testimony would have been sufficient for the county court to make the necessary finding, the court was not required to do so.

The evidence offered at trial was sparse and included a two-page affidavit, the decedent's previous will, and Voss' summary answer to a single question. No evidence was offered concerning the third factor—exercise of parental authority and discipline—and, though Voss described her mother's and the decedent's relationship as "a close marital type relationship," no actual blood or marital relationship existed. Neither Wisconsin law[8] nor Nebraska law[9] allows for the establishment of common-law marriages, and Voss conceded that they had not legally married. Therefore, the fourth factor—relationship by blood or marriage—also weighed against Voss' entitlement to the § 77-2004 tax rate. No credible evidence was offered concerning the seventh factor—written documentation of intent—as Voss offered only a copy of the decedent's previous will—not his most recent will. And there is nothing in the

---

[6] *In re Estate of Kite, supra* note 4.

[7] *In re Estate of Ross*, 19 Neb. App. 355, 810 N.W.2d 435 (2011).

[8] See *Watts v. Watts*, 137 Wis. 2d 506, 405 N.W.2d 303 (1987).

[9] See Neb. Rev. Stat. § 42-104 (Reissue 2016).

record to show that Voss received the same treatment in the controlling will as she did under the previous will.

As to the remaining factors, it is apparent from the record that Voss and the decedent cared for one another and would spend time together for holidays and regular visits. However, the county court concluded that the evidence was insufficient to establish the decedent acted in a manner toward Voss that went above and beyond the normal circumstances of his relationship with her mother. We cannot say that the county court was clearly wrong in determining that Voss failed to carry her burden of proof.

## CONCLUSION

Because the county court's factual determination was not clearly wrong, we affirm the order of the county court.

AFFIRMED.

WRIGHT and FUNKE, JJ., not participating.