ROBERT J. WILCZEWSKI II, APPELLANT, v. BEVERLY NETH AND THE NEBRASKA DEPARTMENT OF MOTOR VEHICLES, APPELLEES.

729 N.W.2d 678

Filed April 6, 2007.    No. S-05-1378.

John C. Brownrigg, of Erickson & Sederstrom, P.C., for appellant.

Jon Bruning, Attorney General, and Milissa Johnson-Wiles for appellees.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

Robert J. Wilczewski II was denied a license to drive in Nebraska based upon information contained in the National Driver Register's Problem Driver Pointer System (PDPS), which indicated he was "not eligible" for a driver's license in Missouri. At issue in this case is whether an individual who is "not eligible" for a driver's license in another state is prohibited by Nebraska law from obtaining a driver's license in Nebraska during the period of ineligibility.

## BACKGROUND

On December 7, 2002, while holding a Missouri driver's license, Wilczewski was arrested in Omaha, Nebraska, for driving under the influence (DUI). Wilczewski was subsequently convicted of second-offense DUI. On September 26, 2003, Wilczewski was again arrested in Omaha for DUI while still holding a Missouri driver's license. Wilczewski was again convicted of second-offense DUI.

In his brief on appeal, Wilczewski states that because he had not been issued a Nebraska driver's license at the time of his arrests, his DUI convictions were reported to Missouri pursuant to the Driver License Compact (Compact).[1] For purposes of the Compact, Missouri was Wilczewski's home state for his driver's license.[2] Based on an accumulation of traffic convictions, including Wilczewski's two DUI convictions in Nebraska, Missouri revoked Wilczewski's driver's license for 1 year as of February 16, 2004. Additionally, Wilczewski was notified by Missouri that because he had two convictions for DUI, Missouri law[3] prohibited the director of the Department of Revenue in Missouri from issuing him a driver's license for a period of 5 years from the date of the conviction of the second-offense DUI.

Wilczewski states that after complying with the sanctions imposed in Nebraska as a result of his DUI convictions, he paid

---

[1] 2A Neb. Rev. Stat. app. § 1-113 (Reissue 1995).

[2] *Id.*, art. I(b).

[3] Mo. Ann. Stat. § 302.060(10) (West Cum. Supp. 2007).

a Nebraska driver's license reinstatement fee, completed a defensive driving course, and obtained the required automobile insurance policy. The Nebraska Department of Motor Vehicles (DMV) then provided Wilczewski with a letter stating that his privilege to operate a motor vehicle in Nebraska had been reinstated, but that in order to obtain a valid driver's license, he must pass the required examinations. The letter also stated that upon application for a driver's license, Wilczewski would be subject to a check of the PDPS, and that he would not be allowed to test for a license if he was currently under driving suspension in another state.

Wilczewski applied for a driver's license in Nebraska on January 19, 2005, but was not allowed to complete the licensing process because the PDPS indicated a possible match in Missouri. The PDPS report indicated that Wilczewski had a driver's license status of "not eligible" in Missouri.

In letters received by the DMV on March 25 and 30, 2005, Wilczewski's attorney requested a review of the denial of Wilczewski's application for a license. On May 18, the director of the DMV affirmed the decision to deny Wilczewski a Nebraska driver's license. The director found that the denial of a license was based on Neb. Rev. Stat. § 60-486 (Reissue 2004), which provides in part that no individual shall be licensed to operate a motor vehicle in Nebraska if he or she has a license currently under suspension or revocation in another state. The director found that "not eligible" constituted a suspension or revocation under § 60-486. The director further found that a Missouri driver record clearly indicated that Missouri considered Wilczewski to have a revoked status.

Wilczewski appealed the decision of the director to the district court, which affirmed. The district court concluded that although § 60-486 does not include language prohibiting the licensing of an individual who is "not eligible" to obtain a license in another state, it is clear in reading § 60-486 and Neb. Rev. Stat. § 60-4,116 (Reissue 2004) together that the disqualification language contained in § 60-4,116 was meant to be included in the suspension or revocation language contained in § 60-486. Section 60-4,116 provides in part that prior to the issuance or renewal of a driver's license, the DMV shall contact the National Driver Register to determine if an applicant has been disqualified from operating

any motor vehicle or has had an operator's license suspended, revoked, or canceled.

Wilczewski now appeals the decision of the district court affirming the decision to deny him a driver's license in Nebraska.

## ASSIGNMENTS OF ERROR

Wilczewski assigns as error, restated, the district court's decision affirming the DMV's order denying the issuance of a Nebraska driver's license to him because (1) the DMV incorrectly interpreted § 60-486 and (2) even assuming Wilczewski's driver's license is currently under revocation, the Compact authorizes the issuance of a license to him 1 year from the date his Missouri license was revoked.

## STANDARD OF REVIEW

In an appeal of a denial of a motor vehicle operator's license, the district court hears the appeal as in equity without a jury and determines anew all questions raised before the director of the DMV.[4] An appellate court's review of a district court's review of a decision of the director of the DMV is de novo on the record.[5]

Statutory interpretation presents a question of law. When reviewing questions of law, we resolve the questions independently of the conclusions reached by the trial court.[6]

## ANALYSIS

Wilczewski argues that the fact that he is currently "not eligible" for a Missouri driver's license does not preclude him under Nebraska law from obtaining a Nebraska driver's license.

Nebraska is a signatory of the Compact. Other signatories of the Compact have stated that the policy behind the Compact is to promote compliance with the laws, ordinances, and administrative rules and regulations relating to the operation of motor vehicles by their operators in each of the jurisdictions where such

---

[4] Neb. Rev. Stat. § 60-4,105 (Reissue 2004). See *Jacobson v. Higgins*, 243 Neb. 485, 500 N.W.2d 558 (1993).

[5] *Strong v. Neth*, 267 Neb. 523, 676 N.W.2d 15 (2004).

[6] *In re Adoption of Jaden M.*, 272 Neb. 789, 725 N.W.2d 410 (2006).

operators drive motor vehicles.[7] Article IV of the Compact provides that if an applicant for a driver's license has held a driver's license that has been *suspended* by any other party state and that suspension period has not expired, the state where the application is made shall not issue a driver's license to the applicant.[8] Article IV further provides that if the applicant has held a driver's license that has been *revoked* by any other party state, the state where the application is made shall not issue a driver's license to the applicant, except that after 1 year from the date the license was revoked, the applicant may apply for a new license if permitted by law.[9] Section 60-486(1) provides that a party may not be licensed to operate a motor vehicle in Nebraska if he or she has a driver's license currently revoked or suspended by Nebraska or any other state or jurisdiction. Construing the statutes together, under Nebraska law, no individual may be licensed to operate a motor vehicle in this state if he or she holds a license in this state or any other state that is currently suspended or revoked.

Although the 1-year revocation of Wilczewski's Missouri driver's license has ended, the DMV takes the position that Wilczewski is nevertheless precluded from obtaining a driver's license in Nebraska because he is currently "not eligible" to be reissued a driver's license in Missouri. The DMV argues that Wilczewski's "not eligible" status should be interpreted as a suspension or revocation for purposes of § 60-486 and that Wilczewski may not be issued a Nebraska driver's license until the period of his ineligibility ends. We agree.

Wilczewski's Missouri driver's license was revoked by that state for a period of 1 year beginning February 2004. Missouri law[10] provides that after an individual whose driver's license has been revoked under that statute receives notice of the termination

---

[7] See, *Marshall v. Department of Transp.*, 137 Idaho 337, 48 P.3d 666 (Idaho App. 2002); *Girard v. White*, 356 Ill. App. 3d 11, 826 N.E.2d 517, 292 Ill. Dec. 376 (2005); *State v. Regan*, 209 N.J. Super. 596, 508 A.2d 1149 (1986); *Siekierda v. Com., Dept. of Transp.*, 580 Pa. 259, 860 A.2d 76 (2004).

[8] § 1-113, art. IV(1), *supra* note 1.

[9] *Id.*, art. IV(2).

[10] Mo. Ann. Stat. § 302.304(7) (West Cum. Supp. 2007).

of the revocation period, he or she shall pass the complete driver examination and apply for a new license before operating a motor vehicle in Missouri. Wilczewski's revocation period ended in February 2005; however, he remains "not eligible" to hold a Missouri driver's license because he has received two DUI convictions in a 5-year period.[11]

Revocation is defined by the Motor Vehicle Operator's License Act as "the termination . . . of a person's operator's license, which termination shall not be subject to renewal or restoration."[12] Section 60-476.01 further states, however, that a person may apply for reinstatement of his or her eligibility to obtain a new license after the expiration of the time period prescribed in the statute providing for revocation.[13]

Wilczewski's Missouri driver's license is not subject to renewal or restoration. Rather, when he is eligible to do so under Missouri law, he must pass the necessary examination and apply for a new license. Although Wilczewski's 1-year revocation has ended, he is still ineligible under Missouri law to renew or restore his prior Missouri driver's license. We conclude that for purposes of the Motor Vehicle Operator's License Act, Wilczewski's current period of ineligibility in Missouri constitutes a revocation as it is defined by § 60-476.01. Under Nebraska law, an individual may not be licensed to operate a motor vehicle in Nebraska if he has a driver's license that is currently revoked in another state. Because Wilczewski's Missouri driver's license is currently revoked for purposes of Nebraska law, Wilczewski may not be licensed to drive in this state until his 5-year period of ineligibility to drive in Missouri has ended.

## CONCLUSION

For these reasons, we affirm the decision of the district court.

AFFIRMED.

---

[11] See § 302.060(10), *supra* note 3.

[12] Neb. Rev. Stat. § 60-476.01 (Reissue 2004).

[13] *Id.*