16 Neb. App. 117
SHARON K. CAIN, APPELLEE,
v.
DONALD L. CAIN, APPELLANT.
No. A-06-747.
Court of Appeals of Nebraska.
Filed November 6, 2007.
Larry R. Demerath, of Demerath Law Offices, for appellant.
Michael B. Lustgarten, of Lustgarten & Roberts, P.C., L.L.O., for appellee.
CARLSON, MOORE, and CASSEL, Judges.
MOORE, Judge.

INTRODUCTION
Donald L. Cain appeals from the order of the district court for Douglas County dismissing his application for termination of child support. For the reasons set forth below, we affirm the district court's order. Pursuant to this court's authority under Neb. Ct. R. of Prac. 11B(1) (rev. 2006), this case was ordered submitted without oral argument.

STATEMENT OF FACTS
Donald and Sharon K. Cain were married in 1973 and divorced in 1994. Three children were born to their marriage. When the dissolution decree was modified in 2001, Donald was required to pay child support for one childJena, born July 2, 1985"until the minor child reaches her majority, dies, becomes emancipated, or until further order of the Court." On September 4, 2003, Donald filed an application to terminate his child support obligation, citing Neb. Rev. Stat. § 42-371.01 (Reissue 2004), which statute governs termination of an obligor's duty to pay child support. Donald asserted that Jena became emancipated when she moved out of Sharon's home and into her own residence on or about August 8, 2003, and gained full-time employment. Donald provided Sharon's last known address and requested that she be notified of his motion in accordance with § 42-371.01.
The record shows no further action in the case until May 2006, when Sharon filed a motion to dismiss on the bases of Donald's failure to state a claim and the insufficiency of service of process. Following a hearing, the district court granted the dismissal motion, finding that Donald had not properly invoked § 42-371.01 to terminate his child support obligation and that he had not obtained service on Sharon such that he could, in the alternative, maintain an action to modify the parties' decree. Donald appeals from this order.

ASSIGNMENT OF ERROR
Donald claims, summarized, that the district court erred in failing to terminate his child support obligation as of October 1, 2003.

STANDARD OF REVIEW
[1] Statutory interpretation presents a question of law. When reviewing questions of law, an appellate court resolves the questions independently of the conclusions reached by the trial court. Wilczewski v. Neth, 273 Neb. 324, 729 N.W.2d 678 (2007).

ANALYSIS
Donald claims that pursuant to § 42-371.01, his child support obligation should have been terminated. Section 42-371.01(1) provides:
An obligor's duty to pay child support for a child terminates when (a) the child reaches nineteen years of age, (b) the child marries, (c) the child dies, or (d) the child is emancipated by a court of competent jurisdiction, unless the court order for child support specifically extends child support after such circumstances.
Section 42-371.01(3) further states:
The obligor may provide written application for termination of a child support order when the child being supported reaches nineteen years of age, marries, dies, or is otherwise emancipated. The application shall be filed with the clerk of the district court where child support was ordered. A certified copy of the birth certificate, marriage license, death certificate, or court order of emancipation shall accompany the application for termination of the child support. The clerk of the district court shall send notice of the filing of the child support termination application to the last-known address of the obligee. The notice shall inform the obligee that if he or she does not file a written objection within thirty days after the date the notice was mailed, child support may be terminated without further notice. The court shall terminate child support if no written objection has been filed within thirty days after the date the clerk's notice to the obligee was mailed, the forms and procedures have been complied with, and the court believes that a hearing on the matter is not required.
(Emphasis supplied.)
It is undisputed that Donald filed his application with the clerk of the district court, who sent notice to Sharon's last known address, along with the admonition that failure to file a written objection within 30 days may result in termination of child support. However, Donald acknowledges that he did not accompany the application with a court order of emancipation. He concedes, in fact, that there was no such order in existence. Instead, he argues that (1) if a court order of emancipation already existed, there would be no need to follow the procedure outlined in § 42-371.01, and (2) Sharon waived any objection she might have had to his application when she failed to file a written objection with the court within 30 days.
[2] We find Donald's arguments unpersuasive. Section 42-371.01 permits the district court, under specified circumstances, to enter a summary order of termination of child support in the absence of an objection by the obligee. There is no ambiguity in the statute's terms, which permit the child support obligor to terminate his or her obligation by filing in the district court an applicationwhich application "shall" be accompanied by a self-authenticating document. Thus, in the present case, Donald was required to accompany his application for termination of child support with a certified copy of a court order of emancipationan order that did not exist. His bare assertions in his application that Jena was emancipated were insufficient to invoke the provisions of § 42-371.01.
[3] Donald argues that Sharon nonetheless waived any deficiency in his application because she failed to file a written objection within 30 days after his notice was mailed. The provisions in § 42-371.01(3) are again quite clear that the court shall terminate child support if no such objection is filed within 30 days, "the forms and procedures have been complied with, and the court believes that a hearing on the matter is not required." (Emphasis supplied.) As described above, Donald failed to comply with the procedures required by § 42-371.01. It follows that Donald's deficient filing failed to trigger an obligation on Sharon's part to file an objection.
Finally, Donald contends that the district court erred in finding that an application to modify the decree was the appropriate vehicle to terminate his child support obligation. The court observed that given Donald's failure to properly invoke § 42-371.01, his application to terminate child support should be treated as an application to modify the decree. The court merely advised Donald that under the present set of facts, formal process must be initiated, including service of process. The court did not err in so doing.

CONCLUSION
The district court properly dismissed Donald's motion to terminate child support due to his failure to comply with § 42-371.01. The district court's order of dismissal is affirmed.
AFFIRMED.